UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PACIFIC MEDIA WORKERS GUILD,
CWA LOCAL 39521,

          Plaintiff,

    v.

SAN FRANCISCO CHRONICLE,

          Defendant.

Case No. 17-cv-05953-HSG

**ORDER DENYING MOTION FOR ATTORNEYS' FEES**

Re: Dkt. No. 48

Pending before the Court is the motion for attorneys' fees filed by Plaintiff Pacific Media Workers Guild (the "Guild"). Dkt. No. 48. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court DENIES the motion.

## I. BACKGROUND

On October 17, 2017, the Guild filed a complaint to compel the San Francisco Chronicle (the "Chronicle") to arbitrate two grievances. Dkt. No. 1 ("Compl."). Between July 1, 2012 and June 30, 2017, the Guild and the Chronicle were parties to a Collective Bargaining Agreement that covered some of the Chronicle's employees and provided for arbitration of disputes under certain circumstances. Compl. ¶ 2 & Ex. A ("CBA").

Article VI of the CBA, titled "Grievance and Arbitration Procedure" lays out procedures for settling all grievances between the parties arising under the CBA. CBA at 6–8. This section explains that all grievances must be submitted "in writing within twenty-one (21) calendar days of when the grieving party knew or should have known of the action or event giving rise to the grievance." CBA at 7. The CBA further states that:

    Any grievance filed on or after the date upon which this Amendment

is signed, other than a grievance protesting a discharge for good and sufficient cause or discipline, shall not be subject to arbitration for the duration of this Agreement unless the parties mutually agree in writing otherwise, such agreement not to be unreasonably withheld.

*Id.*

The CBA specifies that a grievance "may be moved to arbitration by either party at any time more than fifteen (15) calendar days after receipt of the written notice . . . but in no event later than forty-five (45) calendar days of receipt of such notice." *Id.* "Any grievance not moved to arbitration within said thirty (30) calendar days shall be deemed abandoned." *Id.* "All issues concerning arbitrability shall be submitted only to the arbitrator for decision, and such decision shall be final and binding." *Id.* at 8.

On July 2, 2018, the Court granted Plaintiff's motion for summary judgment compelling the grievances to arbitration, holding the CBA "delegates actual substantive and procedural arbitrability disagreements to the arbitrator." Dkt. No. 45 at 6.

## II.    LEGAL STANDARD

Absent contractual or statutory authorization otherwise, each litigant ordinarily bears its own attorneys' fees. *Miller–Wohl Co., Inc. v. Comm'r of Labor and Indus.,* 694 F.2d 203, 204 (9th Cir. 1982). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, does not provide for the payment of attorneys' fees to a party that prevails on a motion to compel arbitration. *See* 9 U.S.C. § 4. Some courts have concluded that "such an award is improper because an order compelling arbitration, being merely a preliminary procedural order that is not on the merits and does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of a fee award." *Molina v. Scandinavian Designs, Inc.*, No. 13-CV-04256 NC, 2014 WL 1615177, at *10 (N.D. Cal. Apr. 21, 2014) (collecting cases).

An attorneys' fees award may be available when a "party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.,* 421 U.S. 240, 258–59 (1975) (internal quotation marks omitted). The Ninth Circuit has held that a court may find "bad faith" when a party refuses to submit a dispute to arbitration "without justification." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

2

### III.    DISCUSSION

The Guild argues that it is entitled to attorneys' fees it incurred during the 49.8 total hours spent preparing and arguing its case, as well as associated costs.  Dkt. No. 48 at 7–8.  The Guild contends that the Chronicle acted in bad faith when it refused to arbitrate based on a reading of the CBA that ran counter to the Guild's, and ultimately the Court's, interpretation.  The Guild presents largely the same evidence presented in its motion for summary judgment, Dkt. No. 34, including extrinsic evidence from a prior CBA negotiation.

The Guild has not presented evidence that the Chronicle's refusal to arbitrate was in bad faith such that an attorneys' fees award is warranted.  *C.f. Int'l Longshoremen's and Warehousemen's Union, Local 6 v. Cutter Labs.,* 552 F.Supp. 979, 981–82 (N.D. Cal. 1982) (finding that respondent's refusal to arbitrate was in bad faith because: (1) the arbitration provision of the parties' collective bargaining agreement, which read "Any disputes as to whether a grievance arises out of the interpretation or application of the Agreement shall be subject to the grievance procedure as herein defined and shall be subject to arbitration," was clear; (2) the parties had previously arbitrated the same legal issue; and (3) respondent did not submit any legal arguments in opposition to petitioner's motion to compel arbitration).  Therefore, the Court **DENIES** the Guild's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated:  September 19, 2018

Haywood S. Gilliam Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge